983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY INVESTIGATION.
KIEWIT COMPANIES, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-35291.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Dec. 31, 1992.
 
 Before EUGENE A. WRIGHT, HUG and POOLE, Circuit Judges.
 MEMORANDUM*
 Kiewit appeals a district court order denying the return of copies of documents furnished to the government in response to grand jury subpoenas. It also appeals the court's order denying the unsealing of a declaration that accompanied the government's petition for disclosure of those copies to the Justice Department's Civil Division. We affirm.
 
 
 1
 Normally, a grand jury must return all original records to their owner when it completes its task. See, e.g., United States ex rel. Woodard v. Tynan, 776 F.2d 250, 252 (10th Cir.1985) (en banc); Robert Hawthorne, Inc. v. Director of Internal Revenue, 406 F.Supp. 1098, 1130 (E.D.Pa.1976). Whether it must return copies is less clear. We agree with the Sixth Circuit that a company has a property interest in copies of its business records when those records are the sole property of that company. See Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983). We also agree that this interest must be balanced against the legitimate needs of the government. See id.
 
 
 2
 Here, the United States Attorney obtained Kiewit's documents through valid grand jury subpoenas. The Civil Division sought their disclosure for its own investigation. In authorizing disclosure, the district court agreed with the government's argument that the documents were not "matters occurring before the grand jury" and, therefore, not subject to Federal Rule of Criminal Procedure 6(e)'s disclosure restrictions.
 
 
 3
 We do not approve of the government's method of obtaining these documents. It should have sought Civil Investigative Demands (CIDs) as provided for by the False Claims Amendments Act of 1986. 31 U.S.C. § 3733 (1988). Nevertheless, the Civil Division now has the documents. At this time, we see no reason to require that they be returned only to have the government issue a CID to retrieve them again.
 
 
 4
 We also affirm the district court's order denying the lifting of the seal on the Schroeder declaration. Documents discussing the strategy underlying or conclusions drawn from a grand jury investigation are "matters occurring before the grand jury" within the meaning of Rule 6(e). See Fund for Constitutional Gov't v. National Archives, 656 F.2d 856, 869 (D.C.Cir.1981). Consequently, applicants seeking their disclosure must make "a strong showing of particularized need" before disclosure is permitted. See, e.g., United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983).
 
 
 5
 The Schroeder declaration reveals the nature, scope and focus of the grand jury investigation. The declaration summarizes conclusions made by government agents who analyzed documents produced by Kiewit and other companies. It contains allegations of illegality made by various government witnesses, and it lists other companies and organizations involved in the investigation. Because Kiewit did not make a strong showing of particularized need for the declaration, the district court did not err in refusing to lift the seal.
 
 
 6
 AFFIRMED.
 
 POOLE, Circuit Judge, dissenting:
 
 7
 The majority holds that confidential business records, subpoenaed for a grand jury investigation and used by the grand jury in the course of that investigation, are nevertheless not "matters occurring before the grand jury" for purposes of the general rule of grand jury secrecy, see Fed.R.Crim.P. 6(e)(2). I cannot agree with such a result, a result that in my view seriously undermines the policies behind the secrecy of grand jury proceedings.
 
 
 8
 It is not enough to say that a collection of business documents, without more, will not betray the grand jury's purpose. For "[e]ven documents 'sought for their own sake' may, when considered in the aggregate and in their relationship to one another, make possible inferences about the nature and direction of the grand jury inquiry." In re Grand Jury Proceedings, 851 F.2d 860, 865 (6th Cir.1988).
 
 
 9
 I agree with the Sixth Circuit that to consider confidential documents subpoenaed by the grand jury not to be "matters occurring before the grand jury" is to "adopt a construction of rule 6(e) in 'wholesale disregard' of the traditional secrecy concerns that underlie the rule." Id. (citations omitted). I would follow that circuit's rule that "confidential documentary information[,] not otherwise public[,] obtained by the grand jury by coercive means is presumed to be 'matters occurring before the grand jury.' " Id. at 866. Further, I would hold that in this case, the government has not rebutted the presumption of secrecy attaching to the Kiewit documents.
 
 
 10
 Accordingly, I would reverse the district court's ruling that the Kiewit documents were not "matters occurring before the grand jury," and remand for a determination whether the Civil Division has a "particularized need" for the documents.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3